IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID MARK BELL, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| ALCOVY JUDICIAL CIRCUIT, | : | CIVIL ACTION NO. |
| Newton Co. Superior Court, | : | 1:11-CV-4411-TWT-LTW |
| Defendant. | : | |

## **ORDER FOR SERVICE OF FINAL REPORT AND RECOMMENDATION**

The Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72, is attached. The same shall be filed and a copy, together with a copy of this Order, shall be served upon counsel for the parties and upon any unrepresented parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), within fourteen (14) days of service of this Order, each party may file written objections, if any, to the Report and Recommendation. If objections are filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and

Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Judge after expiration of the time period stated above.

**SO ORDERED**, this 6 day of January, 2012.

Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID MARK BELL, <br>     Plaintiff, | : <br> : <br> : | PRISONER CIVIL RIGHTS <br> 42 U.S.C. § 1983 |
| v. | : <br> : | |
| ALCOVY JUDICIAL CIRCUIT, <br> Newton Co. Superior Court, <br>     Defendant. | : <br> : <br> : | CIVIL ACTION NO. <br> 1:11-CV-4411-TWT-LTW |

## FINAL REPORT AND RECOMMENDATION

Plaintiff, pro se, is confined at the Newton County Detention Center in Covington, Georgia. The Court granted Plaintiff leave to proceed *in forma pauperis* in this § 1983 action, which is ready for screening under 28 U.S.C. § 1915A.

Federal courts are required to conduct an initial screening of prisoner complaints to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

Plaintiff alleges that the Newton County district attorney and public defender conspired to violate his constitutional rights when he was prosecuted for criminal charges in July 2008. (Doc. 1 at 3-4.) Plaintiff alleges that he was not arraigned or indicted on the criminal charges and that the public defender was ineffective. (*Id.* at 4.) The Georgia Department of Corrections' public records indicate that Plaintiff was

convicted in Newton County of the crimes that are the subject of his claims in this action. Ga. Dep't of Corr. Offender Search, http://www.dcor.state.ga.us/ GDC/OffenderQuery (last visited Jan. 3, 2012). Plaintiff seeks one million dollars plus punitive damages in the amount of $2,000 per day that he was wrongfully imprisoned. (Doc. 1 at 4.)

When a state prisoner seeks relief under 42 U.S.C. § 1983, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Plaintiff's success in this action would necessarily imply the invalidity of his criminal convictions because his claims are that he was unlawfully prosecuted and wrongfully imprisoned as a result of the 2008 criminal prosecution in Newton County. Plaintiff has not alleged that his convictions have been reversed on direct appeal, expunged, or otherwise declared invalid. Therefore, Plaintiff's § 1983 action is barred by the doctrine set out in *Heck*. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought . . . no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

An action that is barred by *Heck* should be dismissed with prejudice. *Abella v. Rubino*, 63 F.3d 1063, 1065-66 (11th Cir. 1995). However, if a plaintiff "eventually

2

satisfies the precondition to a valid [damages] claim under *Heck*," he is permitted to raise that claim in a new civil rights action. *Id.* at 1065-66 & n.3 ("[A] 42 U.S.C. § 1983 damages action which would demonstrate the invalidity of a conviction or sentence does not accrue until the conviction or sentence has been invalidated.").

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED** under 28 U.S.C. § 1915A.

**SO RECOMMENDED** this 6 day of January, 2012.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE